FILED

2012 SEP -4  PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICE, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>AUDREY PARK, et al., )<br><br>Defendants. ) | NO. CV 12-7244 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

The Court will remand this unlawful detainer action to state court summarily because defendant Audrey Park ("defendant") removed it improperly.

On August 23, 2012, defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v.

---

[1] 28 USC § 1441(a) provides that:

Except as otherwise expressly provided by Act of Congress, any civil action

1  Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005).  As an initial matter, the

2  state court complaint attached to the Notice of Removal asserts only a single cause of action for

3  unlawful detainer pursuant to California Code of Civil Procedure § 1166a.  (See Notice of

4  Removal, Exh. A at 3).[2]  Accordingly, the state court complaint discloses no federal statutory or

5  constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal.

6  2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank,

7  F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the

8  Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

9      Moreover, the Court finds unpersuasive defendant's contention that federal question

10  jurisdiction exists because plaintiff "denied [defendant] Due Process, in violation of the 14th

11  Amendment, [and] may have violated the Federal law, Protecting Tenants at Foreclosure Act[,]"

12  12 U.S.C. § 5220 ("PTFA").  (Notice of Removal at 2).  It is well-settled that "a case may *not* be

13  removed to federal court on the basis of a federal defense . . . even if the defense is anticipated

14  in the plaintiff's complaint, and even if both parties concede that the federal defense is the only

15  question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430

16  (1987) (italics in original).  Nor can a counterclaim "serve as the basis for [§ 1331[3]] 'arising under'

17  jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122

18  S.Ct. 1889, 1893-94 (2002).  Thus, to the extent defendant's defenses or counterclaims to the

19  unlawful detainer action are based on alleged violations of federal law, those allegations do not

20  provide a basis for federal-question jurisdiction. See Williams v. Singh, 2012 WL 1414333, at *1

21  (E.D. Cal. 2012) ("there is no subject matter jurisdiction" where defendant's removal petition states

22  ───────────────────

23      brought in a State court of which the district courts of the United States have
   original jurisdiction, may be removed by the defendant or the defendants, to
24  the district court of the United States for the district and division embracing
   the place where such action is pending.
25

26    [2] For ease of reference, the court labels and refers to the pages in Exh. A of the Notice of
   Removal in consecutive order, i.e., 1-5.

27    [3] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil

28  actions arising under the Constitution, laws, or treaties of the United States."

1  that defendant filed a demurrer in state court under the PTFA, because "such a defense cannot

2  provide a sufficient basis to remove the action to federal court[]"); Bank of New York Mellon v.

3  Germanelo, 2012 WL 1536543, at *2 (N.D. Cal. 2012) (no federal question jurisdiction where

4  defendant filed a demurrer in state court based on plaintiff's alleged noncompliance with the PTFA

5  because "Defendant's defenses or counterclaims to the unlawful detainer action . . . do not

6  provide a basis for federal jurisdiction").

7      Finally, even if complete diversity of citizenship exists, the amount in controversy does not

8  exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332,[4] 1441(b).[5] On the

9  contrary, the state court complaint recites that the amount in controversy does not exceed

10  $10,000. (See Notice of Removal, Exh. A at 3). Moreover, "[i]n unlawful detainer actions, . . . the

11  amount of damages sought in the complaint, not the value of the subject real property, determines

12  the amount in controversy." Litton, 2011 WL 204322, at *2 (noting that "[i]n unlawful detainer

13  actions such as this one, California courts have noted that  the right to possession alone is

14  involved – not title to the property[]") (internal quotation marks, brackets and citation omitted).

15  Here, plaintiff's complaint alleges damages for the reasonable value of the use and occupancy

16  of the subject property, i.e., plaintiff seeks $50.00 per day from expiration of the notice to vacate

17  on or about December 3, 2011, through the date on which defendant relinquishes possession.

18  (See Notice of Removal, Exh. A at 4-5). Because these damages sought from the unlawful

---

[4] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

[5] 28 U.S.C. § 1441(b) provides that:

    (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

    (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3

1    possession of the property do not exceed $75,000 (thus far, they would total approximately

2    $13,500), this Court lacks diversity jurisdiction. See 28 U.S.C. § 1332(a); St. Paul Mercury Indem.

3    Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case as

4    disclosed by the plaintiff's complaint is controlling for purposes of removal).

5          Accordingly, IT IS ORDERED that:

6          1.  This matter shall be REMANDED to the Superior Court of California, Ventura County,

7    Simi Valley - East County Courthouse, 3855-F Alamo Street, Simi Valley, CA 93063, for lack of

8    subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

9          2.  The Clerk shall send a certified copy of this Order to the state court.

10         3.  The Clerk shall serve copies of this Order on the parties.

11

12   DATED: _____8/31_____, 2012.

13                                                    _____
14                                                    AUDREY B. COLLINS
                                                      CHIEF UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4